**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

CASE NO.

**ADIALYS POL HERNANDEZ,**
*individually and on behalf of all those similarly situated,*

**JURY TRIAL DEMANDED**

**Plaintiff,**

v.

**SEQUIUM ASSET SOLUTIONS, LLC,**

**Defendant.**

_______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff, Adialys Pol Hernandez ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant Sequium Asset Solutions, LLC ("Defendant"), for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Hillsborough County, Florida.

3. Venue of this action is proper in this Court because the cause of action alleged below arose in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Hillsborough County, Florida.

5. Defendant is a limited liability company with its principal place of business located in Atlanta, Georgia.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

7. On or about a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly due and owed by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Defendant, and Plaintiff (the "Subject Service").

9. The Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant, in the ordinary course of business, regularly attempts to collect obligations alleged to be due and owing on behalf of itself and/or others.

15. Section 1692d of the FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

## THE COMMUNICATIONS

16. Between approximately October 31, 2025 and November 11, 2025, Defendant called Plaintiff 24 times (the "Collection Communications"), all in an attempt to collect a debt (the "Consumer Debt") from Plaintiff.

17. Attached as "Exhibit A" is a copy of the Collection Communications.

## CLASS ALLEGATIONS

### PROPOSED CLASS

18. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "Class."

19. The **"Class"** consists of [1] all consumers with Florida addresses [2] who received one or more collection communications [3] from Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint.

20. Defendant and its employees or agents are excluded from the Class.

21. Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

### NUMEROSITY

22. Upon information and belief, Defendant has placed thousands of collection communications to United States consumers, the natural consequence of which is to harass, oppress, or abuse such consumers in connection with the collection of a debt, whereby such collection communications violate 15 U.S.C. § 1692d. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

24. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant made collection communications to Plaintiff and members of the Class in an attempt to collect a debt; **[2]** Whether Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6); **[3]** Whether the natural consequence of Defendant's collection communications was to harass, oppress, or abuse Plaintiff and the members of the Class, in violation of 15 U.S.C. § 1692d; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

25. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends collection communications that violate 15 U.S.C. § 1692d, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

26. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

28. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

29. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692d

30. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference ¶¶ 1-29 of this Class Action Complaint.

31. Section 1692d of the FDCPA provides that a debt collector "may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

32. As set forth above, Defendant placed the Collection Communications in an attempt to collect the Consumer Debt. See "Exhibit A" (the "Collection Communications). Upon information and belief, Defendant has communicated with other members of the Class in a similar harassing, oppressive, or abusive manner.

33. In doing so, Defendant's conduct, as described above, was to harass, oppress, or abuse Plaintiff and members of the Class. As such, by and through the Collection Communications, Defendant violated 15 U.S.C. § 1692d.

WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests relief and judgment as follows:

(a) Determine this action is a proper class action under Federal Rules of Civil Procedure;

(b) A declaration that Defendant's conduct and/or practices described herein violate 15 U.S.C. § 1692d;

(c) Award Plaintiff and members of the FDCPA Class statutory damages pursuant to 15 U.S.C. § 1692k;

(d) Enjoin Defendant from future violations of 15 U.S.C. § 1692d with respect to Plaintiff and the FDCPA Class;

(e) Award Plaintiff and members of the FDCPA Class reasonable attorneys' fees and costs, including expert fees, pursuant to 15 U.S.C. § 1692k; and

(f) Any other relief that this Court deems appropriate under the circumstances.

DATED: September 25, 2026

Respectfully Submitted,

/s/ Samuel J. Awad .

**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
*Lead Attorney For Plaintiff*
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 754-315-1606

*COUNSEL FOR PLAINTIFF*